UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 06-34810-H5-7 |
| | § | |
| ELINEAR, INC., | § | |
| | § | Chapter 7 |
| | § | |
| *Debtor* | § | |

**TRUSTEE'S MOTION TO REOPEN CHAPTER 7 CASE,
VACATE FINAL DECREE,
AND ALLOW THE REAPPOINTMENT OF A CHAPTER 7 TRUSTEE**
[Related to Docket No. 328]

NOTICE PURSUANT TO LOCAL RULE 9013

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Janet S. Northrup, chapter 7 Trustee of the above bankruptcy estate of eLinear, Inc. (the "Trustee") and moves this Court to (i) reopen the chapter 7 bankruptcy case, (ii) vacate the final decree (iii) and allow the reappointment of a chapter 7 Trustee to fully administer the above bankruptcy estate (the "Motion").

SUMMARY OF RELIEF REQUESTED

1.      This Motion is brought pursuant to 11 U.S.C. § 350 (b) and Federal Rules of Bankruptcy Procedure 5010 to (i) reopen the chapter 7 bankruptcy case, (ii) vacate the final

decree and (iii) reappoint a chapter 7 Trustee to administer an unknown and undisclosed asset in the bankruptcy case.

## FACTUAL BACKGROUND

2. On September 15, 2006, eLinear, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code.[1]

3. Janet S. Northrup was appointed as the chapter 7 trustee of the bankruptcy estate.

4. On October 23, 2006, the 341(a) Meeting of Creditors was held. [Doc. No. 8].

5. On October 19, 2012, this Court entered a Final Decree in the case. [Doc. No. 328].

6. As a result of the Final Decree being entered, the Debtor's case was closed.

7. After the Final Decree was entered, the Trustee became aware of unclaimed funds being held by the Texas Comptroller of Public Accounts in the amount of $12,036.54. In addition, the Trustee also became aware of the Debtor's ownership of several stock of Infoblox she wishes to investigate and potentially liquidate the stock. These assets were undisclosed, were not listed on the Debtor's schedules. The Trustee wishes to reopen the case to administer these assets.

8. The Trustee requests that this Court (i) reopen the chapter 7 bankruptcy case, (ii) vacate the final decree (iii) and allow the reappointment of a chapter 7 Trustee to fully administer the above bankruptcy estate.

## LEGAL ARGUMENT

9. The Trustee is entitled to reopen the Debtor's chapter 7 case to administer assets, to accord relief to the debtor, or for other cause, as set forth above, the foregoing constitutes cause to reopen the case to administer assets under the provisions of 11 U.S.C. § 350(b) and Federal Rules of Bankruptcy Procedure 5010.

---

[1] Doc. No. 1.

2950809v1:ELINE:0001

10. No creditors or party-in-interest will be adversely affected from the reopening of the bankruptcy case and all creditors will benefit from the administration and distribution of the proceeds of this asset.

11. If the Final Decree is not vacated and the case reopened, the Trustee is unable to administer the assets of the bankruptcy estate and ultimately disburse funds to creditors of this bankruptcy estate.

**NO OPPOSITION**

12. The United States Trustee has no opposition to the reappointment of a chapter 7 Trustee.

**PRAYER**

WHEREFORE, Janet S. Northrup, chapter 7 Trustee requests that the Court (i) reopen the chapter 7 bankruptcy case, (ii) vacate the final decree (iii) and allow the reappointment of a chapter 7 Trustee to fully administer the above bankruptcy estate pursuant to 11 U.S.C. § 350(b) and Federal Rules of Bankruptcy Procedure 5010, and grant such other and further relief to which she may be entitled.

Dated this 5th day of February, 2016.

Respectfully submitted,

*/s/ Janet S. Northrup*
Janet S. Northrup
Chapter 7 Trustee
SBN 03953750
1201 Louisiana Street, Suite 2800
Total Plaza
Houston, Texas 77002
Phone: 713-759-0818
Fax: 713-759-6834
Email: tsimpson@hwa.com

2950809v1:ELINE:0001

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2016, I sent a true and correct copy of the above and foregoing *Motion to Reopen Chapter 7 Case, Vacate Final Decree and Allow the Reappointment a Chapter 7 Trustee to*:

(1)  U.S. Trustee via ECF at USTPRegion07.HU.ECF@USDOJ.GOV;

(2)  eLinear, Inc., Debtor
  C/o Michael Durrschmidt at mdurrschmidt@hirschwest.com; and,

(3)   Attached Service List via first class mail.

/s/ *Janet S. Northrup*
Janet S. Northrup, Trustee